## I. Lurya Lumber Company, Defendant in Error, v. Philip Goldberg, Plaintiff in Error.

### Gen. No. 21,726.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed March 27, 1916.

### Statement of the Case.

Action for mechanic's lien by I. Lurya Lumber Company, plaintiff, against Philip Goldberg, defendant. From a judgment for plaintiff, defendant brings error.

The claim for a mechanic's lien was not passed upon. Defendant had a contract with L. Harris, a general contractor, for the erection of a building, in which contract all liens and claims or right of lien under the Mechanic's Lien Act for labor or materials furnished, etc., were waived. One Lazar had a contract with Harris for carpenter work to the amount of $2,100. Plaintiff furnished lumber to Lazar, which was used in defendant's building under the Harris contract. The Heitman Bond and Mortgage Company made a building loan on Goldberg's property and plaintiff executed and delivered a waiver and release of any and all liens and claims or right to a lien on Goldberg's premises on account of any material it had furnished to Lazar, which waiver and release it delivered to the mortgage company. The court awarded the judgment on the theory that Goldberg had testified in a prior suit that he had reserved out of the money to become due to Lazar, $200, which he was holding for the plaintiff. This claim was refuted by the testimony of defendant, Harris, the general contractor, and Frank Heitman, who represented the mortgage company.

BENJAMIN E. COHEN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 136*—*when subcontractor bound by waiver of right to lien in contract between owner and contractor.* A contract with a general contractor to build defendant's house having waived the right to mechanics' liens for labor or materials under Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*), such waiver was binding upon all persons furnishing labor or materials under any subcontract with such general contractor, and no claim for a lien can be maintained on account of lumber furnished to a subcontractor of such general contractor.

2. MECHANICS' LIENS, § 161*—*when subcontractor may not obtain money judgment against owner.* Plaintiff, having no lien under Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*) for lumber furnished a subcontractor on account of a waiver of all such liens by the principal contractor, cannot obtain a money judgment against defendant, for whom the building was erected, in an action for mechanic's lien.

3. MECHANICS' LIENS, § 196*—*when evidence insufficient to establish holding out of part of contract price to pay subcontractor.* In an action by a subcontractor for a mechanic's lien, evidence *held* insufficient to establish that defendant held out a certain sum from the contract price which was to be applied on plaintiff's claim.

4. MECHANICS' LIENS, § 212*—*when case not remanded.* Plaintiff in action for mechanic's lien, having no lien under the Mechanics' Liens Act (J. & A. ¶ 7139 *et seq.*) for lumber furnished a subcontractor because of a waiver of all such liens by the principal contractor, has no cause of action against defendant, for whom the building was erected, enforceable in a court of law and the Appellate Court will not remand the cause.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.